UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BANKRUPTCY ESTATE OF ) | | |
| DONALD BULL, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 2:05 CV 462 PS | |
| ) | | |
| ASSET ACCEPTANCE, LLC and GREENE ) | | |
| AND COOPER, PSC, ) | | |
| ) | | |
| Defendants. ) | | |

**OPINION AND ORDER**

Donald Bull racked up a large credit card debt and could not pay it back. Before Bull received the credit cards, he agreed that he would be on the hook for any reasonable attorneys' fees expended by the card issuers in the event Bull failed to pay. The issuers sold the rights to Bull's accounts to Defendant Asset Acceptance, who in turn called on Defendant Greene & Cooper – a law firm – to go after Bull. Greene & Cooper did so by filing a collection complaint against Bull in state court, alleging that Bull owed not only the $13,000 in unpaid credit card debt but also $3,900 in "reasonable" attorneys' fees. Bull filed this lawsuit based solely on the latter allegation. According to Bull, the collection complaint violated the Fair Debt Collection Practices Act (FDCPA) because $3,900 is a patently unreasonable amount of attorneys' fees for Defendants to have demanded. Defendants say that Bull has failed to state a claim under the FDCPA. Mindful of the federal pleading standards, the Court nonetheless agrees with Defendants. Defendants' motions to dismiss [DE 9, 11] are granted and the complaint is dismissed without prejudice. Plaintiff has 30 days to file an amended complaint to the extent he

believes he can state a claim upon which relief can be granted consistent with this opinion and the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff alleges the following facts in its complaint, which the Court accepts as true for present purposes. Donald Bull resides in Porter County, Indiana. [DE 7, ¶ 4] Defendant Asset Acceptance is a Delaware company that specializes in debt collection. *Id*., ¶¶ 5-6. Defendant Greene & Cooper is a law firm that files debt collection lawsuits on behalf of Asset Acceptance. *Id*., ¶¶ 9-12. Greene & Cooper's routine collection practice is to seek attorneys' fees equal to one-third the amount of outstanding debt. *Id*., ¶ 20. Both defendants are considered debt collectors under the FDCPA, 15 U.S.C. §§ 1692 *et seq*. *Id*., ¶¶ 8, 13.

In December 2004, Asset Acceptance filed suit against Bull in state court for unpaid balances that Bull owed on certain credit cards (the "Collection Complaint"). [DE 7, Ex. A] Greene & Cooper represented Asset Acceptance and filed the Collection Complaint on its behalf. *Id*. According to the Collection Complaint, Asset Acceptance had acquired the rights to Bull's credit card accounts from the credit card issuers. [DE 7, Ex. A, ¶¶ 2-3] Bull's unpaid credit card balances at the time totaled $13,020.23. *Id*.

The Collection Complaint stated that Asset Acceptance "referred this matter to outside counsel, and is entitled to recover reasonable attorney's fees in the amount of $3,906.06 pursuant to applicable statutory law and the credit card agreement [between Bull and the card issuers]." *Id*., ¶ 4. Greene & Cooper attached to the Collection Complaint the credit card agreement between Bull and the card issuers. [DE 7, ¶ 16] The credit card agreement provided that if Bull did not make a payment when it was due, or if he did not follow the terms of the agreement, he

2

could be required "to pay reasonable attorney's fees and any court costs in the collection of any amounts you owe under the agreement." *Id*.

Evidently believing that the best defense is a good offense, on December 27, 2005, Bull turned the tables and filed this lawsuit against Defendants alleging violations of the FDCPA. [DE 1]  On February 1, 2006, Bull amended the complaint to name the Bankruptcy Estate of Donald Bull as Plaintiff.[1]  [DE 7]  In his complaint before this Court, Plaintiff claims that the underlying Collection Complaint violated several provisions of the FDCPA, including 15 U.S.C. § 1692d, § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692f and § 1692f(1).  Greene & Cooper moved to dismiss the complaint pursuant to Rule 12(b)(6).  [DE 9]  Asset Acceptance did the same in a separate filing.  [DE 11]  Although Defendants filed separate motions to dismiss, they raise common legal issues.  Thus, the Court addresses both motions below.

## DISCUSSION

### A.     Rule 12(b)(6) Standard

Rule 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).  If the plaintiff can prove no set of facts that would entitle her to relief, dismissal under Rule 12(b)(6) is appropriate.  *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

---

[1] Bull filed a Chapter 7 bankruptcy petition in this district on July 21, 2005, approximately six months after Defendants filed the Collection Complaint against him.

Federal complaints plead claims rather than facts. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). Pleadings in federal court need not allege facts corresponding to each element of a statute. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits . . . that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . . ' should stop and think: What rule of law requires a complaint to contain that allegation?" *Doe*, 429 F.3d at 708. A plaintiff receives the benefit of "any fact that could be established later consistent with the complaint's allegations." *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006).

At the Rule 12(b)(6) stage, a district court is typically confined to the complaint. *See McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). The exhibits to Bull's amended complaint include a copy of the Collection Complaint and a copy of the credit card agreement between Bull and the card issuers. [DE 7]

### B. The Fair Debt Collection Practices Act

In 1977, Congress enacted the FDCPA to eliminate abusive practices by debt collectors, to ensure the competitiveness of debt collectors who refrain from using abusive practices, and to promote consistent state action to protect consumers against abusive practices. *See* 15 U.S.C. § 1692(e). Under the FDCPA, a debt collector may not engage in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In addition, a debt collector "may not use any false,

4

deceptive, or misleading representation or means in connection with the collection of any debt," including any false representations about "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B).  Furthermore, a debt collector cannot "use unfair or unconscionable means to collect or attempt to collect any debt," including the "collection of any amount [] unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. §§ 1692f, 1692f(1).  Even if attorneys' fees are authorized by a contract, a debt collector must still clearly and fairly communicate information about the amount of the debt, such as how the total amount due was calculated.  *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004).

**C.     Analysis**

Plaintiff's claim is straightforward.  Plaintiff alleges the Collection Complaint violated the FDCPA because it contained a demand for what Plaintiff believes to be an unreasonable amount of attorneys' fees, namely $3,906.06.  The credit card agreement, Plaintiff points out, allows for "reasonable" attorneys' fees only.  Plaintiff states that if Defendants had simply requested reasonable attorneys' fees "without making reference to the outlandish amount of $3,906.06," Plaintiffs would not have a claim.  [DE 15 at 4]  According to the Plaintiff, because the Collection Complaint sought an "outlandish" amount of attorneys' fees, it violated multiple sections of the FDCPA.

Plaintiff fails to state a claim upon which relief may be granted.  Bull entered into a credit card agreement that required him to pay "reasonable attorney's fees and any court costs in the collection of any amounts [Bull] owe[d] under the agreement."  [DE 7 at 14, ¶ 22]  The Seventh

5

Circuit has held that merely stating an amount of attorneys' fees in a dunning letter to a debtor does not violate the FDCPA where, as here, the debtor previously agreed to pay attorneys' fees if he defaulted. *See Fields*, 383 F.3d at 565; *Singer v. Pierce & Assoc., P.C.*, 383 F.3d 596, 598 (7th Cir. 2004); *Spears v. Brennan*, 745 N.E.2d 862, 872 (Ind. App. 2001) (where debtor had signed a consumer credit contract authorizing the collection of reasonable attorneys' fees, the debt collector did not violate 15 U.S.C. § 1692e or § 1692f(1) by including in its debt collection complaint an amount of attorneys' fees equal to one-third of the outstanding debt).

*Singer* is instructive. In that case, a woman named Singer obtained a mortgage loan that authorized the bank to collect reasonable attorneys' fees if she defaulted. *Singer*, 383 F.3d at 596. When Singer fell behind on her payments, the bank hired a law firm to foreclose on the property. *Id*. The law firm filed a foreclosure suit in state court and the judge entered an order that scheduled a foreclosure date and awarded the bank $1,100 in attorneys' fees. *Id*. at 597. Before the foreclosure sale, Singer arranged to sell the property and she notified the bank's servicing agent of her desire to pay off the loan. *Id*. In response, the bank's servicing agent sent Singer a "loan payoff" letter, detailing the amount Singer would have to pay in order to pay off the loan. *Id*. Included in that amount were attorneys' fees of $2,574. *Id*. Singer sold the property and paid the amount set forth in the loan payoff letter. *Id*. The bank then dismissed the foreclosure suit voluntarily and the state court vacated all of its previous orders, including the attorney fee award of $1,100. *Id*.

Singer later filed suit in federal court against the bank, its servicing agent, and the law firm, alleging that all of them engaged in illegal lending and collection practices. *Id*. According to Singer, the loan payoff letter violated the FDCPA by seeking $2,574 in attorneys' fees after

6

the state court had set the amount of attorneys' fees at $1,100. *Id*. Specifically, Singer alleged that the loan payoff letter misstated the amount of the debt under § 1692g(a), misled an unsophisticated consumer under § 1692e, and was an unfair or unconscionable means of collection under § 1692f. *Id*. The district court dismissed Singer's FDCPA claim. *Id*. The Seventh Circuit affirmed the dismissal and the reasoning of the district court: "That the [state court] entered an order, now vacated, awarding attorneys' fees in an amount less than that demanded and collected by Defendants, while perhaps probative of the *reasonableness* of the fees collected, does not add to Singer's argument that court order is a prerequisite to the enforcement of a valid contract provision allowing for attorneys' fees." *Id*. at 598.

Plaintiff's beef here is essentially the same as Singer's. Like Singer, Plaintiff concedes that he signed an agreement that authorizes the collection of reasonable attorneys' fees, yet Plaintiff alleges that the amount of attorneys' fees demanded by Defendants was patently unreasonable. This is not enough to state a claim under the FDCPA. If Singer failed to state a claim under the FDCPA, then Plaintiff's complaint must fail too. Moreover, there is no claim (nor could there be given the language in the Collection Complaint) that Defendants somehow failed to segregate the attorneys' fees from the underlying credit card debt. Clearly, Defendants did. *See Singer*, 383 F.3d at 598 (servicing agent "segregated the attorneys' fees from the underlying debt in an itemized list of expenses, thus avoiding a § 1692e or § 1692f violation"); *see also Shapiro v. Riddle & Assocs. P.C.*, 240 F. Supp.2d 287, 289-90 (S.D.N.Y.), *aff'd* 351 F.3d 63 (2d Cir. 2003) (cited in *Singer* and holding that it was not an FDCPA violation to include an attorneys' fees charge in a debt collection letter when that fee was authorized by an agreement between the creditor and debtor).

7

*Fields* also supports dismissal of Plaintiff's claim.  In *Fields*, the plaintiff-debtor incurred approximately $120 in charges at an animal hospital.  *Fields*, 383 F.3d at 563.  The plaintiff had signed an agreement with the hospital in which she promised to pay the bill and any collection costs and attorneys' fees incurred by the hospital if she did not pay timely.  *Id*.  When the plaintiff did not pay on time, the hospital hired a law firm to collect the debt.  *Id*.  The law firm sent the plaintiff multiple dunning letters, demanding payment of the principal, interest, service charges, and $250 in attorneys' fees.  *Id*.  The plaintiff filed an FDCPA suit against the law firm.  *Id*.  Among other claims, the plaintiff asserted that the dunning letters violated 15 U.S.C. § 1692g(a) by unilaterally determining $250 to be the amount of attorneys' fees charged and thereby misstating the amount of the debt.  *Id*. at 564.  The district court dismissed the § 1692g(a) claim and held that $250 in attorneys' fees was reasonable as a matter of law.  *Id*.

The Seventh Circuit affirmed the dismissal.  *Id*. at 565.  The court noted that in order to collect attorneys' fees from the plaintiff, the law firm had to specify an amount that it intended to charge (or had already charged) for its services.  *Id*.  The court reasoned that the plaintiff could have negotiated the payment of those fees or contested the reasonableness of the fees through a lawsuit.  *Id*.  "But when a debtor contractually agrees to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter.  Doing so does not violate the FDCPA."  *Id*.  Indeed, the Seventh Circuit suggested that failing to specify an amount of attorneys' fees could be construed as falsely stating the amount of the debt.  *Id*., *citing Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000).

8

This court sees no material difference between the dunning letters in *Fields* and the Collection Complaint in this case.  Plaintiff complains that the amount of attorneys' fees demanded by Defendants – roughly one-third of Bull's outstanding credit card debt – is unreasonable on its face.  Plaintiff may very well be right but it is neither here nor there.  The Defendants have not violated the FDCPA by inserting an amount of attorneys' fees in the Collection Complaint after Bull agreed to pay reasonable attorneys' fees in the event of default.  If Plaintiff questions the reasonableness of the fees, *Fields* says it has various ways to challenge them.  But pursuing an FDCPA claim is not one of them.  *See Fields*, 383 F.3d at 565 ("Essentially, [the plaintiff] asks us to endorse an approach that would require every debt collector under the FDCPA to go to court every time it sought to enforce a provision in a payment agreement signed by the debtor that allows reimbursement of attorneys' fees and collection costs.  Plainly stated, the statute does not require such an extraordinary result.").  Thus, in this case, Bull could have challenged the reasonableness of the attorneys' fees in the state court proceedings.

In granting Defendants' motions to dismiss, the court is aware of the minimal pleading requirements in federal court.  The court also understands that it "may not toss out a complaint just because [it] believes that proof is unlikely to be forthcoming."  *See Walker v. National Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999).  In *Walker*, the Seventh Circuit reversed the Rule 12(b)(6) dismissal of an FDCPA complaint which alleged that a notice sent by a debt collector was confusing under § 1692o.  Whether a given message is confusing, the Seventh Circuit held, is "a question of fact, not of law or logic."  *Id*.  But this case is different than *Walker*.  Plaintiff has pleaded a very specific claim, *i.e.* that the Collection Complaint violated

9

various provisions of the FDCPA by asking for too much in attorneys' fees.  By doing so, Plaintiff effectively has pleaded himself out of court.  This court reads *Singer* and *Fields* to say that once a debtor such as Bull agrees to pay attorneys' fees in the event of default, he cannot use the FDCPA to contest the reasonableness of those fees, which is precisely what Plaintiff seeks to do in this case.  Stated differently, even if a court were to agree with Plaintiff that $3,900 is an unreasonable amount of attorneys' fees, Defendants' demanding that amount in their collection complaint does not give rise to a claim under the FDCPA.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [DE 9, 11] are **GRANTED IN PART** and Plaintiff's amended complaint is dismissed without prejudice.  Plaintiff shall have 30 days to file an amended complaint, to the extent Plaintiff believes he can state a claim upon which relief may be granted consistent with this opinion and the Federal Rules of Civil Procedure.  All future settings in this case are hereby **VACATED** and all discovery and pre-trial conferences are stayed until further order of this court.

**SO ORDERED.**

DATED:  August 15, 2006

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT